IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02703-GPG

CHRISTOPER GEORGE TONA,

    Plaintiff,

v.

CAROLYN COLVIN, Commissioner of Social Security,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Christopher George Tona, acting *pro se*, initiated this action by filing a Complaint. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    In the Complaint, Mr. Tona alleged simply that he was "denied SSDI [benefits]" (ECF No. 1 at 2), and that he has a broken back and is unable to maintain a job because he cannot make it to work every day (*id.* at 3). However, Plaintiff did not fill out the following sections of the Complaint form: Jurisdiction, Claims for Relief, and Request for Relief; nor has he signed the Complaint. (*See id.*).

    On December 15, 2015, Magistrate Judge Gordon P. Gallagher entered an order finding that the Complaint was deficient and directing Plaintiff to file an amended complaint, within 30 days, that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (ECF No. 4). Mr. Tona was further instructed to state, in the Amended Complaint, whether he was seeking judicial review of a final

decision of the Commissioner of Social Security. (*Id.*).

Mr. Tona did not file an Amended Complaint by the court-ordered deadline. Consequently, on January 21, 2016, Magistrate Judge Gallagher issued an Order directing the Plaintiff to show cause, in writing, within thirty (30) days, why the action should not be dismissed because he failed within the time allowed to comply with the December 15, 2015 Order Directing Plaintiff to File an Amended Complaint, and has not otherwise communicated with the Court. (ECF No. 5). Magistrate Judge Gallagher warned Mr. Tona in the January 21 Order that failure to comply may result in dismissal of this action without prejudice, and that the dismissal may operate to bar any future complaint for social security benefits because the period for filing a Social Security action may have expired. *See* 42 U.S.C. § 405(g) (stating that a civil action must be commenced "within sixty days after the mailing to him of notice of [any final decision of the Commission of Social Security] or within such further time as the Commissioner may allow.").

Plaintiff has now failed to file an Amended Complaint or to respond to the January 21, 2016 Order to Show Cause. Further, he has not communicated with the Court since he initiated this action. Accordingly, it is

ORDERED that the Complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with two Court orders. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied pursuant to 28 U.S.C. § 1915(a)(3) because any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If

Plaintiff files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED March 1, 2016, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court